SO ORDERED: April 14, 2017.



James M. Carr
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CINDA SUZANNE DIOR, | ) Case No. 13-05141-JMC-13 |
| | ) |
| Debtor. | ) |
| _____ | ) |

### ORDER GRANTING MOTION FOR 11 U.S.C. §1328(b) HARDSHIP DISCHARGE

THIS MATTER comes before the Court on the *Motion for 11 U.S.C. §1328(b) Hardship Discharge* filed by Cinda S. Dior (the "Debtor") on November 11, 2016 (Docket No. 29) (the "Motion") and *Trustee's Objection to Debtor's Motion for Hardship Discharge* filed by John M. Hauber, chapter 13 trustee (the "Trustee"), on December 29, 2016 (Docket No. 41) (the "Objection"). The Court, having reviewed the Motion and Objection, having heard the arguments and representations of counsel for the parties at a hearing on January 31, 2017 (the "Hearing"), having considered the testimony of Debtor, and being otherwise duly advised, now **GRANTS** the Motion.

At the Hearing, Debtor testified that she was a certified art teacher at Avondale Meadows Academy. She was terminated six months earlier due to an administrative decision to restructure the art department. Debtor has been searching for employment since. She has made approximately five or six applications or contacts per week for art teacher and grant writing positions. She also applied for substitute teacher positions, event catering and serving opportunities with catering agencies and country clubs. Debtor is now 62 years old. According to her testimony, she has been unable to secure a job and has no prospect of finding employment in the near future.

After the termination of the last job, Debtor's sole income was $390 per week for unemployment benefits. Debtor testified that the unemployment benefits would be terminated the week of February 6, 2017, which leaves her with no disposable income.

In addition, Debtor testified that her mother was diagnosed with cancer in November, 2016. Debtor has been taking care of her mother. Debtor's mother is 82 years old and has no substantial assets.

Debtor has made 44 plan payments. There are 16 months left under the plan. The last payment was received by Trustee on July 21, 2016.

11 U.S.C. § 1328(b) provides the authority for a hardship discharge as follows:

> Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if –
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7

>  of this title on such date; and
> (3) modification of the plan under section 1329 of this title is not practicable.

In this case, Trustee stipulates that Debtor meets the requirement of subsection (2). Debtor's testimony that she has no disposable income establishes subsection (3) — that modification of the plan is not practicable. The only issue is whether Debtor meets the requirement of subsection (1) — that her failure to complete the payments is due to circumstances for which she should not justly be held accountable.

"The determination of whether a debtor is justly accountable for his or her failure to make payments under his or her Chapter 13 plan is necessarily fact-driven, with the emphasis properly focused on the nature and quality of the intervening event or events upon which the debtor relies." *Bandilli v. Boyajian (In re Bandilli)*, 231 B.R. 836, 840 (B.A.P. 1st Cir. 1999). In support of his position that Debtor's circumstances do not justify the granting of a hardship discharge, Trustee cites the cases of *Bandilli*, 231 B.R. 836 and *In re White*, 126 B.R. 542 (Bankr. N.D. Ill. 1991). Trustee argues that "temporary loss of employment is not a sufficient element for a hardship discharge. Instead, Courts have generally required a more permanent or catastrophic reason for the debtor's inability to modify the plan." (Objection, ¶ 6.) In response, Debtor's counsel cited *Roberts v. Boyajian (In re Roberts)*, 279 B.R. 396 (B.A.P. 1st Cir. 2000), arguing that in more recent cases, courts decline to follow the "catastrophic circumstances" standard and, instead, apply the standard of "unforeseen economic circumstances."

The Court concludes that a debtor seeking a hardship discharge under § 1328(b) need not demonstrate the existence of catastrophic circumstances. There is no express requirement in § 1328(b) that a debtor prove catastrophic circumstances and the word "accountable" does not equate to "catastrophic". This Court believes that, where a debtor is unable to complete payments

under a chapter 13 plan due to economic circumstances beyond the debtor's control that did not exist nor were foreseeable at the time of confirmation of the plan, and where the debtor has made serious efforts to overcome those circumstances but is unable to complete his or her plan payments, the requirement of § 1328(b)(1) has been met. *See In re Thomas F. Edwards*, 207 B.R. 728, 731 (Bankr. N.D. Fla. 1997).

The Court finds that Debtor has met all three requirements of § 1328(b). Accordingly, the Motion is GRANTED.

IT IS SO ORDERED.

# # #